IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

JOHN O. MILLER,

Plaintiff,

vs.

ANNETTE CARTER, RENEE BAUER,
KRISTINA LUCERO, DARREL BELL,
BRAD NEWMAN, COLLEEN
AMBROSE, ROBERT LISHMAN, and
LORRAINE SCHNEIDER

Defendants.

CV 21-04-H-SEH

**ORDER**

## INTRODUCTION

On January 14, 2021, Plaintiff John O. Miller ("Miller") filed a Motion to

Proceed in Forma Pauperis and a proposed Complaint seeking compensatory,

declarative and injunctive relief against members of the Montana Board of Pardons

and Parole ("BOPP") and legal counsel for the Montana Department of Corrections

regarding procedures used in his parole hearing.[1]

The motion to proceed in forma pauperis is granted. Dismissal for failure to

state a federal claim will be ordered.

## MOTION TO PROCEED IN FORMA PAUPERIS

Miller must pay the statutory filing fee of $350.00, which may be paid in

---

[1] Doc. 1.

monthly installments.[2] An initial partial filing fee payment of $31.70 is assessed by this Order.[3] By separate order the Court will direct the agency having custody of Miller to collect the initial partial filing fee from Miller's institutional account and forward it to the Clerk of Court.

Miller must make future monthly payments towards satisfaction of the filing fee balance equal to 20% of the preceding month's income credited to his institutional account.[4] By separate order the Court will direct the agency having custody of Miller to forward payments from his institutional account to the Clerk of Court each time the institutional account balance exceeds $10.00, until the filing fee is paid in full.[5]

## STATEMENT OF THE CASE
### Factual Allegations

On February 28, 2018, Miller appeared before the BOPP. Release on parole was denied.[6]

Miller alleges that in August of 2017, BOPP began using a newly adopted Numeric Scoring System[7] and that Board Chair Annette Carter developed a "cheat sheet" to ensure consistent scoring among prisoners utilizing the scoring system.[8]

---

[2] *See* 28 U.S.C. § 1915(b)(1).

[3] *See* 28 U.S.C. § 1915(b)(1)(B).

[4] *See* 28 U.S.C. § 1915(b)(2).

[5] *See* 28 U.S.C. § 1915(b)(2).

[6] *See* Doc. 2 at 2.

[7] *See* Doc. 2 at 4.

[8] Doc. 2 at 4.

2

Miller claims Montana Department of Corrections ("MDC") legal team worked in tandem with BOPP to draft an administrative rule that would adopt and describe a new Parole Scoring System;[9] that he wrote to BOPP Chair Scott Cruse inquiring about the newly developed administrative rules because he wanted notice of the procedure which would be utilized during his hearing;[10] and that BOPP Chair Cruse deceptively advised him that the applicable guidelines had been published in the Administrative Rules of Montana.[11]

On August 18, 2020, Defendants filed a "Notice of Public Hearing on Proposed Adoption and Amendment."[12] Miller contends that in the three years leading up to the public hearing, the BOPP had been covertly using the new parole guidelines without providing notice to prisoners.[13]

Miller asserts that in 2019 he filed a state court open records complaint against BOPP, in which he requested copies of documents used to evaluate his release eligibility.[14] During those proceedings, Miller asserts that he discovered BOPP had used a Parole Guideline Scoring System to evaluate his release eligibility.[15] He further claims he was denied notice of the applicable scoring

---

[9] *See* Doc. 2 at 4.
[10] *See* Doc. 2 at 5.
[11] *See* Doc. 2 at 5.
[12] Doc. 2 at 5.
[13] *See* Doc. 2 at 5.
[14] *See* Doc. 2 at 5.
[15] *See* Doc. 2 at 5.

system in violation of state law;[16] and that Defendants are not providing proper notice of the Parole Scoring Rules to prisoners prior to their parole hearings.[17]

## Claims

In Count 1, Miller claims that the Defendants violated his right to fair and equal treatment under the law without any rational basis for such treatment;[18] and that the secret use of the Parole Guideline Scoring System during his February 2018 parole hearing without notice to him was violative of Montana law.[19]

In Count 2, Miller alleges a civil conspiracy under 42 U.S.C. § 1983, and that Defendants acted in concert to prevent him from having proper notice of the Parole Guideline Scoring System prior to his parole hearing;[20] that the Defendants acknowledged their legal duty to develop, publish, and adopt the new parole guidelines and scoring rules as early as August of 2017;[21] that the Defendants regularly discussed a legislative mandate to publish the new rules in the State Administrate Rules Register;[22] and that the Defendants conspired to secretly use the scoring formulary at his parole hearing without allowing him proper notice or benefit of the form, thus treating him differently from other similarly situated

---

[16] *See* Doc. 2 at 5.
[17] *See* Doc. 2 at 6.
[18] *See* Doc. 2 at 6.
[19] *See* Doc. 2 at 6.
[20] *See* Doc. 2 at 7.
[21] *See* Doc. 2 at 8 (citing Doc. 2-1 at 3).
[22] *See* Doc. 2 at 8 (citing Doc. 2-1 at 4–18).

individuals.[23]

## SCREENING STANDARD

Miller's Complaint must be reviewed under 28 U.S.C. § 1915 and § 1915A, which require the Court to dismiss a complaint filed in forma pauperis or by a prisoner against a governmental defendant before it is served if frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."[24] "A case is malicious if it was filed with the 'intention or desire to harm another.'"[25] A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the "'grounds' of his 'entitlement to relief.'"[26]

Fed. R. Civ. P., Rule 8 requires a complaint "that states a claim for relief [which] must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[27] The allegations must cross "the line from conceivable to plausible."[28]

---

[23] *See* Doc. 2 at 8 (citing Doc. 2-1 at 19).
[24] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[25] *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)(quoting *Webster's Third New International Dictionary* 1367 (1993)).
[26] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[28] *Twombly*, 550 U.S. at 570.

A two-step procedure is to be followed by this Court to determine whether a complaint's allegations cross the line from conceivable to plausible.[29] First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth."[30] Factual allegations are not entitled to the assumption of truth if they are "merely consistent with"[31] liability or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.[32] A complaint stops short of the line between probability and the possibility of relief if the facts pled are merely consistent with a defendant's liability.[33]

Second, the Court must determine whether the complaint states a "plausible" claim for relief.[34] A claim is "plausible" if the factual allegations, if accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[36] If the factual allegations, accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but

---

[29] *See Twombly*, 550 U.S. at 556; *see also Iqbal*, 556 U.S. 662.
[30] *Iqbal*, 556 U.S. at 679, 680.
[31] *Twombly*, 550 U.S. at 557.
[32] *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).
[33] *See Iqbal*, 556 U.S. at 678.
[34] *Iqbal*, 556 U.S. at 679.
[35] *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).
[36] *Iqbal*, 556 U.S. at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

it has not 'show[n]' — 'that the pleader is entitled to relief.'"[37]

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[38]

## SCREENING ANALYSIS
### Violation of State Law

In Count 1, Miller claims violations of equal protection under Montana statutory law. A viable claim under 42 U.S.C. § 1983 must allege: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.[39] No violation of federal law has been pleaded.[40]

42 U.S.C. § 1983 limits the federal court's analysis to the deprivation of rights secured by the federal "Constitution and laws." A violation of state law may form the basis for a Section 1983 action but only if that violation causes the deprivation of a right protected by the United States Constitution.[41] "To the extent that the violation of a state law amounts to the deprivation of a state-created

---

[37] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

[38] *Erickson v. Pardu*, 551 U.S. 89, 94 (2007)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[39] *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)).

[40] *See* Doc. 2.

[41] *See Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)(citing *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1482 n. 22 (9th Cir. 1993), *cert. denied*, 510 U.S. 991 (1993)).

interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."[42] The United States Supreme Court has long recognized that a "'mere error of state law' is not a denial of due process."[43]

Whether the Montana Parole Board followed state law or its own procedures is an issue of state law. Miller may not "transform a state-law issue into a federal [law question] merely by asserting a violation of due process."[44] Miller's allegation that the denial of parole in February 2018 violated Montana statutes or the mandates of the operational procedures for the BOPP does not state a cognizable federal claim for violation of due process.

In the absence of a federal claim for relief, the Court declines to exercise supplemental jurisdiction over the state law claims alleged.[45] To the extent Miller seeks to bring state law claims, he must do so by filing an action in state court. And, it appears Miller was aware of his ability to seek redress under state law, because, as discussed above, he filed an action in state district court.[46]

## Civil Conspiracy

In Count 2, Miller alleges Defendants conspired to deprive him of

---

[42] *Lovell*, 90 F.3d at 370.

[43] *Engle v. Isaac*, 456 U.S. 107, 121 n. 21 (1982)(quoting *Gryger v. Burke*, 334 U.S. 728, 731 (1948)).

[44] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[45] *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

[46] *See* Doc. 2-1 at 2.

constitutional rights under Montana law. For a conspiracy claim to be made under 42 U.S.C. § 1983 as a violation of federal law it must allege "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law."[47] The complaint must allege facts to support the existence of a conspiracy among the defendants;[48] "that defendants conspired or acted jointly in concert; and that some overt act was done in furtherance of the conspiracy."[49]

Conspiracy allegations must be more than mere conclusory statements.[50] "[A] plaintiff must demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights."[51] And that "[t]he defendants must have, 'by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage.'"[52]

The agreement need not be overt and may be inferred on the basis of circumstantial evidence. "[A] conclusory allegation of agreement at some unidentified point does not [however] supply adequate facts to show illegality."[53]

---

[47] *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 n. 6 (10th Cir. 1990)(citing *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988)).
[48] *See Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).
[49] *Sykes v. California*, 497 F.2d 197, 200 (9th Cir. 1974)(citing *Hoffman v. Halden*, 268 F.2d 280, 292-294 (9th Cir. 1959)).
[50] *See Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1979).
[51] *Mendocino Env't Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999)(quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 40-41 (9th Cir. 1989)(en banc)).
[52] *Mendocino Env't Ctr.*, 192 F.3d at 1301 (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999)).
[53] *Twombly*, 550 U.S. at 557.

A plaintiff must plead "enough factual matter (taken as true) to suggest that an agreement was made."[54]

Miller has not alleged sufficiently specific facts in support of a claim that Defendants conspired to deprive him of his federal civil rights. The Complaint does not contain any factual allegations showing an agreement or "meeting of the minds" between the defendants to deprive him of civil rights.[55] No facts supporting how a conspiracy was formed or explaining how Miller's injuries resulted from a conspiracy are pleaded. Nothing more than a "mere allegation of conspiracy without factual specificity" has been asserted.[56] Miller's broad allegations that Defendants conspired with each other are insufficient.

In order to "recover under a [section] 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also a deprivation of federal rights; pleading and proof of one without the other will be insufficient."[57] The "essence of a [section] 1983 claim is the deprivation of the right rather than the conspiracy."[58] The conspiracy is not itself a constitutional tort under section 1983.[59] A section 1983 conspiracy theory does not enlarge the nature of the claims

---

[54] *Twombly*, 550 U.S. at 556.
[55] *See Mendocino Env't Ctr.*, 192 F.3d at 1301 (quoting *Phelps Dodge Corp.*, 865 F.2d at 1540-41).
[56] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)(citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984)).
[57] *Dixon*, 898 F.2d at 1449 n. 6.
[58] *Dixon*, 898 F.2d at 1449.
[59] *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012).

asserted by a plaintiff.[60] An underlying constitutional violation must always be present.[61]

Miller has not alleged a separate federal constitutional violation and it does not appear he can do so. He cannot challenge the actual denial of parole because Section 1983 claims based on parole determinations are categorically barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), unless and until the parole determination is overturned via writ of habeas corpus.[62]

A plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law to establish a constitutional due process claim under 42 U.S.C. § 1983.[63] In the absence of such a constitutionally protected interest, the Constitution does not require provision for any particular process.[64]

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[65] Moreover, the Montana Supreme Court has held that inmates who committed offenses after 1989

---

[60] *See Lacey*, 693 F.3d at 935.

[61] *See Lacey*, 693 F.3d at 935.

[62] *See Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (citing *Elliott v. United States*, 572 F.2d 238, 239 (9th Cir. 1978)).

[63] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)).

[64] *See Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1971); *see also Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

[65] *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. U.S. 1, 7 (1979).

have no liberty interest in parole.

Here, Miller was charged with the offense of deliberate homicide committed in September 1990, which led to his conviction and sentence in state court in 1991.[66] Consequently, he has no basis for a federal due process claim.[67]

Any assertion of a separate federal equal protection clause claim requires a showing that persons who are similarly situated be treated alike.[68] To state such a claim, the plaintiffs must show that defendants intentionally discriminated against him based on membership in a protected class,[69] or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.[70]

Miller alleges he was treated differently from inmates who had parole hearings after his and were able to benefit from being provided the updated Parole Guidelines Scoring in advance of the parole hearing. Any difference in treatment was, however, a function of a change in policy. Delay in official implementation of

---

[66] *See State of Montana v. Miller*, Stillwater County District Court, Montana, Cause No. DC-91-01.
[67] *See Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998).
[68] *See City of Cleburne v. Cleburne Living Ctr, Inc.*, 473 U.S. 432, 439 (1985); *see also Hartmann v. Ca. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).
[69] *See Hartmann*, 707 F.3d at 1123; *see also Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).
[70] *See Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 601-02 (2008); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

such a change in policy cannot be equated with an intent to discriminate.

## ORDER

1.     Miller's Motion to Proceed in Forma Pauperis[71] is GRANTED.

2.     The Complaint[72] is deemed to have been filed on January 14, 2020.

3.     Miller's claims under 42 U.S.C. § 1983 are DISMISSED.

4.     The Court declines to exercise jurisdiction over Miller's state law claims.

5.     This case is DISMISSED and the Clerk is directed to enter a Rule 58, Fed. R. Civ. P. Judgment and close the case.

6.     The Clerk is directed to have the docket reflect that the Court has certified under Rule 24(a)(3)(A), Fed. R. App. P. that any appeal of this decision would not be taken in good faith.

7.     The Clerk is directed to have the docket reflect that this dismissal counts as a strike under 28 U.S.C. § 1915(g) due to the failure to state a claim.

DATED this _26th_ day of January, 2021.

Sam E. Haddon
United States District Court Judge

---

[71] Doc. 1.
[72] Doc. 2.

13